Dear Mr. Morneau:
We are in receipt of your request for an Attorney General's opinion on whether it is legal and ethical for you to hold the appointed position of Chief of Police and the elected position of Justice of the Peace in the Village of Rodessa, Louisiana. You also ask how you would qualify for state supplemental pay as Chief of Police for the Village of Rodessa and how much would that pay be.
The position of Justice of Peace is an elected office. LSA-Const. Art. 5, Sec. 22 (1974). The position of Chief of Police for the Village of Rodessa is an appointed position. LSA-R.S. 33:381(16). You indicate that the chief of police position will be on a part-time basis. "Part time" is defined as "[t]he period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time." Full-time is defined as "[a]t least thirty-five hours per week". LSA-R.S.42:62.
Under Louisiana's Dual Officeholding Laws, LSA-R.S. 42:63 provides in part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof.
If you are elected to the office of Justice of the Peace, you would hold elective office in a political subdivision of this state and therefore could only hold an appointive office in the government of a political subdivision of this state (Village of Rodessa) on a part-time basis. However, LSA-R.S. 42:64(C) provides for incompatible offices, in pertinent part, as follows:
 No other combination of offices or employments shall be deemed to be incompatible unless the powers, function, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part.
LSA-R.S. 42:61 sets forth the policy of the dual officeholding provisions which "[i]s impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other." In general, a justice of the peace exercises judicial powers, while a chief of police exercises law enforcement powers.
The Parish of Caddo has 10 justices of the peace, each elected to a particular ward. Whether or not the office of justice of the peace that you plan on seeking election to encompasses the Village of Rodessa, where you would be appointed chief of police, exercising both offices allows you to function in the role of judiciary and law enforcement at the same time. If the jurisdiction of the office of justice of the peace that you are interested in includes the Village of Rodessa, you would have the authority to sign arrest warrants as justice of the peace that you yourself then could perform the arrest as chief of police. If the jurisdiction of the office of justice of the peace does not include the Village of Rodessa, it is our opinion that even if you had to go to other justices of the peace to have arrest warrants signed for you to implement as the chief of police, it would be adverse to the public interest as a whole.
For the above and foregoing reasons, it is our opinion that the holding of these two offices, Justice of the Peace in Caddo Parish [whichever Ward] and Chief of Police for the Village of Rodessa in Caddo Parish, by their particular nature are in conflict with each other and are incompatible offices. In response to your question about state supplemental pay, LSA-R.S. 33:2218.2(D)(3) prohibits such pay to those "[e]mployed as law enforcement officers on less than a full time basis".
If we can be of further assistance in this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL